```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

IN RE: DAVID KOPLOW,                              M.B.D. No.
        Movant                                13-mc-91184-DPW

<u>ORDER</u>

WOODLOCK, D.J.

    For the reasons stated below, David Koplow's self-prepared motion seeking permission to file a new civil action is DENIED.

I.    <u>BACKGROUND</u>

    Movant David Koplow ("Koplow") is not unfamiliar to this Court. Ten years ago Koplow was found to be a vexatious litigant and an order entered enjoining him from filing civil actions in this Court without filing a written petition seeking leave to do so and obtaining permission from the Court before going forward. <u>See</u> <u>Koplow v. Dana, et al.</u>, Nos. 01-10868-DPW; 03-10061-DPW 2003 WL 1701026, 2003 U.S. Dist. LEXIS 4874 (D. Mass. Mar. 13, 2003), <u>aff'd</u>, Nos. 03-1655, 03-1658 (1st Cir. Mar. 4, 2004) (no abuse of discretion in the district court's forbidding of appellant from filing further pleadings without permission of the court).

    Now before the Court is Koplow's application seeking permission to file a civil action. <u>See</u> Docket No. 1. The motion is accompanied by an application to proceed in forma pauperis and a copy of the complaint he seeks to file. <u>See</u> Docket. Koplow requests permission to bring a civil rights action against Edward Rizzo, his former landlord doing business as R&R Fifth Realty; Brian Kyes, Chief of the Chelsea Police Department; and four Chelsea Police Officers. The case caption of the complaint

includes the following three subtitles: (1) Audita Querela, (2) Removal, 28 U.S.C. § 1441, et seq., and (3) Federal Fair Housing Act, 42 U.S.C. § 3601, et seq.  The complaint consists primarily of a recounting of events surrounding the actions of Robert Trenholm, property manager, on December 24, 2008, as to Koplow and his neighbors James Perry, Ann Marie Cefalo and Debbie Drysdale.  Koplow argues that Trenholm violated their rights under the Fair Housing Act.  He complains that defendant Rizzo had Trenholm prepare two eviction actions against him.  Although the date is not clear, it appears that Koplow was arrested by the Chelsea Police, and that in 2011, Koplow successfully defended himself during a criminal action before Judge Livingston in Chelsea District Court.

Koplow complains that his efforts to remove the eviction action to federal court were "thwarted" and his complaint references In Re: David Lee Koplow, M.B.D. No. 10-10114-NMG (order dismissing case), aff'd, No. 10-1480 (1st Cir. Apr. 16, 2010).  Koplow seeks to have this Court declare as "void" the "state eviction judgment."  He also seeks damages and an "injunction to return to Apartment #7 or other suitable housing."

II.  STANDARD OF REVIEW

When examining the sufficiency of the proposed complaint, the Court considers whether Koplow has pled "enough facts to state a claim to relief that is plausible on its face."  Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The Court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is " 'plausible on its face."  Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. at 678 (quotation marks omitted)).  A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement.  Fed.R.Civ.P. 8(a).  However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678.  Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. Iqbal, 556 U.S. at 678. See also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

III. DISCUSSION

     As an initial matter, Koplow cannot maintain any fair housing or civil rights claims on behalf of his former neighbors James Perry, Ann Marie Cefalo and Debbie Drysdale because parties

3

to a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar.  See 28 U.S.C. § 1654; see also L.R. 83.5.3(c) ("A person who is not a member of the bar of this court .... will be allowed to appear and practice before the court only in his own behalf.").

As to Koplow's own claims, assuming they are sufficiently stated, they are time-barred.  To the extent Koplow seeks to assert a Section 1983 claim against the Chelsea Police defendants, a three-year statute of limitations applies to such a section 1983 civil rights.  See Mass. Gen. Laws ch. 260, § 2A. The statute of limitations for Fair Housing Act claims is two years. See 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice ... whichever occurs last.").

Finally, Koplow fails to show that either removal or a writ of audita querala is appropriate here.  The proposed complaint fails to allege a sufficient basis for removal under 28 U.S.C. § 1441, and writs of audita querela have been abolished in civil cases and are available in very limited circumstances with respect to criminal convictions.  Tran v. United States, 45 F. Supp. 2d 157, 159-60 (D. P.R. 1999); see also United States v. Morgan, 346 U.S. 502, 506 n. 4 (1954); United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991).

4

IV. <u>ORDER</u>

Based on the foregoing, it is hereby ORDERED that:

1. The motion (#1) for leave to file annexed action is DENIED;

2. The clerk is directed to terminate this matter.

SO ORDERED.

                                             /s/ Douglas P. Woodlock
                                            DOUGLAS P. WOODLOCK
                                            UNITED STATES DISTRICT JUDGE

DATE: September 3, 2013